BEER, Judge.
On January 3, 1973 at approximately 5:15 p. m., a collision occurred at the controlled intersection of Airline Highway and Turnbull Drive resulting in painful injuries to Mrs. Rose Deckelman and financial loss to her husband Bernard E. Deck- *479 elman, Sr. who brought this action to recover damages.
Shortly following the accident (January 11, 1973) Mrs. Deckelman gave an account of her recollection of what had transpired to a claim representative of the defendant-appellee insurance company. Soon thereafter (January 30, 1973) Mrs. Deckel-man wrote a letter to the company’s representative stating that her recollection had become “hazy” as to the events that she had previously described with some particularity. Coincident with this development was the discovery of an alleged witness to the accident who answered a newspaper ad which appellants had placed in local newspapers but whose description of the accident varied from Mrs. Deckelman’s first account.
At the time of trial Mrs. Deckelman, consistent with her January 30 letter, testified that she no longer had any recollection whatsoever regarding the pertinent facts of the accident — even to the extent of no longer recalling the direction from which she approached the involved intersection.
Thus, the plaintiffs-appellants relied completely upon the testimony of the ad-answering witness, Mrs. Cross. But Mrs. Cross’ testimony was in obvious conflict with certain clearly established and uncontested physical facts not the least of which being that defendant driver’s vehicle was a dark blue (black roofed) Ford automobile and not a white van type truck as asserted by Mrs. Cross.
It would serve no useful purpose to detail the additional inconsistencies between the testimony of this witness and all others. Suffice it to say that the record furnishes adequate basis for the trial court’s rejection of Mrs. Cross’ testimony without which plaintiffs’ order of proof failed.
Furthermore, defendant-appellee’s version of what took place, in light of the known physical facts, is more consistent and probatively acceptable — particularly in view of the unexplained inconsistencies in plaintiff-appellants’ factual contentions.
Able counsel for each side had full opportunity to painstakingly develop their respective contentions after which the trial court made a credibility determination that “. . . plaintiffs have failed to establish by a preponderance of evidence that the accident, though regretfully causing much loss to plaintiffs, was the result of any negligence on the part of defendants.”
The trial court was not obliged to reach the point where it became necessary for it to resolve the basic issue of credibility between plaintiffs’ witness and the defendant driver. It made the primary deter'mination that the plaintiffs had not carried their burden of proof.
We find that no manifest error was committed on the part of the trial court in arriving at either its factual finding or its ultimate conclusion. The judgment is affirmed at appellants’ cost.

Affirmed.